## OWEN WESSELLS AGT. THE TERRITORY OF KANSAS.

*Indictment: Pleading: Definitions.*

1. Judgment will not be arrested where the indictment shows that the court had jurisdiction, and the facts stated constitute a public offense.

2. The words "steers" and "working cattle," are synonymous and designate one and the same thing, to-wit, "cattle that have worked."

ERROR from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—ELMORE, J.

The plaintiff in error, Owen Wessells, was convicted at the February term, 1860, of the first district court for the territory of Kansas, sitting in Leavenworth county, upon an indictment for grand larceny, founded upon section 72, chap. 28, of the Session Laws of 1859, and sentenced to imprisonment, at hard labor, for the term of three years.

The following is a copy of the indictment: "The Territory of Kansas *agt.* Owen Wessells and William Burnes, February term, 1860. The grand jurors of

the territory of Kansas, impanneled and sworn to inquire within and for the county of Leavenworth, upon their solemn oaths and affirmations, do present, that Owen Wessells and William Burnes, late of said county, on the 29th day of December, in the year of our Lord, one thousand eight hundred and fifty-nine, at the county of Leavenworth aforesaid, and within the jurisdiction of this court, two steers or working cattle, each of the value of twenty-five dollars—all of the value of of fifty dollars—of the property of Jonathan Jones, feloniously did steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the territory of Kansas.

"THOMAS FENLON, County Attorney."

The defendant's counsel made a motion at the same term, and before judgment, for a new trial, and in arrest of judgment, which motion the court overruled, and thereupon the defendant excepted thereto, and assigned for error: 1st. The court erred in overruling the motion for a new trial. 2d. The court erred in overruling the motion in arrest of judgment. It is evident that the code has naturally changed and modified the technical certainty in criminal proceedings, which had obtained under the strict rules of the common law. Section 95, page 197, of the Acts of 1859, provides what shall be a good indictment. The indictment in this case was found by the grand jury of the county in which the court is held. The defendant is named—the offense was committed within the jurisdiction of the court—the offense charged is clearly

set forth in plain and concise language—the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case. The pleader has followed the provisions of this section, and having done so, under the provisions of the law, we are of the opinion that the instrument is sufficient. Section 258, page 219, of the Acts of 1859, specifies for what causes a new trial may be granted.

The record does not show the happening or existence of either one of the causes therein assigned. Section 260, same page and act provides that a motion, in arrest of judgment, may be granted : 1st. When the the grand jury, who found the indictment, had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the court.   2d. The facts stated do not constitute a public offense.

The indictment in this case shows that the court had jurisdiction, and that the facts stated do constitute a public offense.   Section 93, page 197, Acts of 1859, says : " Words used in an indictment must be construed in their usual acceptation, in common language, except words," etc.   The usual and common acceptance of the meaning of the word " steers " and " working cattle," are synonomous.   In common parlance, and in every day conversation, " steers " and " working cattle," are applied and used to designate one and the same thing, to-wit, cattle that have worked.

We find no error in the ruling of the court below.

ORDER.—We therefore affirm its judgment, and as the record shows that the said defendant is not able to pay the costs, we order and adjudge that costs be taxed against the county of Leavenworth, and let a special mandate issue to carry out the order and judgment as aforesaid.